```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS


   * * * * * * * * * * * * * *
  *UNITED STATES OF AMERICA    *
                               *   CRIMINAL ACTION
              v.               *   No. 04-10357-MEL-1
  *                            *
  RASHIEK T. CANNON             *
                               *
  * * * * * * * * * * * * * *



            BEFORE THE HONORABLE MORRIS E. LASKER
             UNITED STATES SENIOR DISTRICT JUDGE
                         DISPOSITION
                      October 30, 2007


  APPEARANCES:

         UNITED STATES ATTORNEY'S OFFICE, (By AUSA Paul R.
  Moore), 1 Courthouse Way, Suite 9200, Boston,
  Massachusetts  02210, on behalf of the United States of
  America

         LAW OFFICES OF EDWARD L. HAYDEN, (By Edward L.
  Hayden, Esq.) 7 Franklin Street, Lynn, Massachusetts
  01902, on behalf of Defendant




                                 Courtroom No. 8
                                 1 Courthouse Way
                                 Boston, Massachusetts 02109


                   James P. Gibbons, RPR, RMR
                      Official Court Reporter
                   1 Courthouse Way, Suite 7205
                    Boston, Massachusetts  02210
                         (617) 428-0402
```

```
 1                    P R O C E E D I N G S
 2             THE CLERK:  This is Criminal Action
 3   No.04-10357, United States of America versus Rashiek Cannon.
 4         Would the attorneys please identify them for the
 5   record and who they are representing for the Court.
 6             MR. MOORE:  Good afternoon.  Paul Moore for
 7   the United States.
 8             MR. HAYDEN:  Good afternoon.  Edward Hayden
 9   for Mr. Cannon.
10             THE COURT:  All right.
11         Before I call on defense counsel, I will ask the
12   United States Attorney if they have any information or
13   remarks they wish to make at this time?
14             MR. MOORE:  I'm sorry, your Honor?
15             THE COURT:  Is there anything you wish say, a
16   statement of any kind, before I call on the defendant?
17             MR. MOORE:  Do you mean in terms -- I'm sorry.
18   Does the Court mean in terms of the government's
19   recommendation, your Honor?
20             THE COURT:  Yes.
21             MR. MOORE:  The government's recommendation is
22   for the low end.  I believe that the probation report, the
23   PSR, is figured correctly.
24         The defendant indicated in a very timely way his
25   desire to plead in this case.  And, therefore, I think he is
```

PDF created with pdfFactory trial version www.pdffactory.com

1   entitled to three points for acceptance in this case.
2             The recommendation of the government would be 70
3   months' imprisonment, followed by three years of supervised
4   release.  No fine, because the defendant appears unable to
5   pay a fine, and the $300 special assessment.
6             THE COURT:  Thank you very much.
7             MR. MOORE:  I would like to note for the Court
8   that the government's recommendation is a low-end
9   recommendation.  Hopefully, the defendant's on a new path.
10  He was only out for a short time in July of 2004 before the
11  offense conduct occurred in October 2004, and,
12  unfortunately, he has weapons charges going back to 1994.
13            I think that the defendant was probably very
14  fortunate in this case with the way the PSR ended up being
15  figured in terms of proof available for certain convictions;
16  and I think it's an accurate report.  But I want to
17  emphasize that the government hopes that the defendant won't
18  be caught with a firearm again, because the ramifications
19  would be far more severe.
20            THE COURT:  They certainly would be, of
21  course.  No question about that.
22            I'm sure Mr. Cannon agrees on that point.
23            Mr. Cannon?
24            THE DEFENDANT:  Yes.
25            THE COURT:  Excuse me, Mr. Hayden.  Sorry.

PDF created with pdfFactory trial version www.pdffactory.com

```
 1              MR. HAYDEN:  We both understand that, Judge
 2    and I join Mr. Moore in saying to the Court, and Mr. Cannon,
 3    that he is a lucky man, regardless of however your Honor
 4    resolves the issue on the whether the gun was possessed in
 5    connection with another felony.  He came very close to
 6    spending a significant portion of his life in prison.  I
 7    have had many talks with him and with his family.  I think
 8    he does understand that, and if he does foul up again, it's
 9    very likely it could be the rest of his life in prison.
10              THE COURT:  Unfortunately, that's true.
11              MR. HAYDEN:  And I want to commend the
12    Probation Office, Mr. Buckley, for doing a very thorough job
13    on the presentence report.  It's up to his usual standard of
14    excellence.
15          We do object to one point, however, and that is the
16    four additional points for possessing the firearm in
17    connection with a drug offense.
18              THE COURT:  What's the basis of your
19    objection?  As I understand it, that material was found on
20    the defendant at the time of his arrest.
21              MR. HAYDEN:  Well, no.
22         The gun was found on him, but the drugs were not.
23         The drugs were in the car.  The car didn't belong
24    to him.  He was a passenger in the car.  The driver of the
25    car is the one who ran away from the police.  He was the
```

PDF created with pdfFactory trial version www.pdffactory.com

1  person who had almost $2,000 in cash.  When I say, "he," the
2  driver of the car was the one who had almost $2,000 in cash
3  on him.
4       In every case, from my research, is that in every
5  case where this enhancement has been allowed, it was where
6  the defendant clearly possessed the weapon, possessed the
7  gun, and the only issue on the appeal was whether or not he
8  possessed the gun in connection with the drug offense.  And
9  the defendant's argument was always that, you know, he had a
10  gun, he also had drugs, but he didn't have the gun in
11  connection with the drug offense.
12       THE COURT:  Right.
13       MR. HAYDEN:  But in this case, I think the
14  issue is did he possess the drugs?  I mean he clearly --
15  this is the defendant.  He clearly possessed the gun.  It
16  was in his pocket.
17       But there is an issue and question of whether he
18  also possessed drugs, and I've never seen a case, in my
19  research, nor cited by any party, that would support the
20  enhancement in this case.  Because there is a real issue
21  whether he possessed the drugs here.  There is no
22  connection.  And the other thing is there is no evidence
23  that the quantity of drugs here would support an intent to
24  distribute.  It's equally likely that these drugs were
25  intended to be consumed, and so I think that is why this gun

PDF created with pdfFactory trial version www.pdffactory.com

```
 1   was not possessed in connection --
 2              THE COURT:  If I agreed with you, how much
 3   difference would it make in the calculation of the
 4   Guidelines?
 5              MR. HAYDEN:  Well, two years.  It could go --
 6   would go from a low end of 5.8 years down to 3.8 years.
 7              THE COURT:  All right.
 8         Let me hear the government on this point.
 9              MR. MOORE:  Your Honor, I think that there is
10   very strong argument that the defendant was in constructive
11   possession of the drugs.  The drugs were not on the person
12   of any individual in the vehicle.  They were found in the
13   vehicle.  They were found in several bags.  It was crack
14   cocaine.  It's also a common part of the trade these days,
15   because of the possibilities that attach to some of these
16   crimes, for the people that are conspiring to engage in the
17   drug traffic that one person have the gun and for another
18   person to be engaged, in some or part of it, for the drugs
19   to not be on any person.
20         One of the people, the driver of the vehicle, fled.
21   Marijuana was found on him once he was caught, but I think
22   clearly -- and 924(c) wasn't charged in this case.
23         But I think that there is a -- I think the
24   probation officer is correct in that the way in which the
25   drugs were found indicates, first of all, that they were
```

```
 1    intended for distribution; divided into multiple bags.  It
 2    was crack cocaine.
 3           The fact that the defendant had a gun on him that
 4    was quite clearly visible, frankly, as the officers
 5    approached, and the fact that the drugs weren't found on
 6    some other person or in close association where another
 7    person had been seated, I think that that's an argument in
 8    favor of the government, that the finding of the PSR that,
 9    in fact, the defendant and the other people in the car were
10    engaged or were about to engage in distribution of crack
11    cocaine and, therefore, I think that the PSR is figured
12    correctly.
13           THE COURT:  I've heard argument on both sides.
14    It's not possible to decide the question with absolute
15    certainty or, necessarily, beyond a reasonable doubt.
16           On the other hand, I think that the evidence is
17    very strong against the defendant, and I think a fair
18    determination of it is that it be decided by putting a
19    sentence at the very bottom of the Guidelines as calculated
20    by the probation department.
21           I would like to hear from the defendant, if there
22    is anything he wishes to say.
23           Mr. Cannon, this is your chance to tell me anything
24    you want at this time.
25           THE DEFENDANT:  First, I want to address my
```

PDF created with pdfFactory trial version www.pdffactory.com

1  family and apologize to them.
2              THE COURT: I'm glad they are here, and I hope
3  they keep supporting you.
4              THE DEFENDANT: I want to say, I did have
5  possession of a firearm, you know what I'm saying, clearly.
6  But I honestly didn't have anything to do with the drugs
7  they found in there.
8          So on my behalf I wish, you know what I'm saying,
9  your Honor, to take that into consideration, you know.
10         That's it.
11             THE COURT: I hear you.
12         Mr. Cannon, would you remain standing.
13         I will not review the calculation of the
14 Guidelines.
15         The base offense level is 20. We have been
16 concerned with the question of an additional four points,
17 and I think that the government's argument is reasonable on
18 this basis, especially if I impose a sentence at the bottom
19 of the Guidelines. That makes an adjusted offense level of
20 24.
21         You are given credit for pleading guilty here and
22 admitting your responsibility, which reduces it to 21, and
23 you have a Criminal Offense Category of V.
24         Against you is the nature of your offense,
25 possession of a firearm and ammunition in the presence at

PDF created with pdfFactory trial version www.pdffactory.com

1    least of drug transactions, as well as prior offenses,
2    including possession of a Class B substance, knowingly
3    receiving stolen property, a variety of traffic offenses,
4    possession of narcotics, and accusation of a personal
5    assault on a female who procured a restraining order against
6    you, and conspiracy to violate the drug laws, which resulted
7    in earlier imprisonment.
8            In your favor is the fact that you grew up without
9    a father, and later your mother was unable to be with you,
10   that you're a father from two prior relationships, and you
11   have frankly acknowledged your responsibility in this case.
12           Bearing all these things in mind and the discussion
13   we've just had, I am imposing the following sentence:
14           Pursuant to the Sentencing Reform Act of 1984, and
15   having considered the sentencing factors enumerated at 18
16   United States Code, Section 3553(a), it is the judgment of
17   the Court that the defendant, Rashiek Cannon, is hereby
18   committed to the custody of the Bureau of Prisons to be
19   imprisoned for a term of 70 months.  The Court makes the
20   judicial recommendation that the defendant participate in
21   the Bureau of Prisons' 500-Hour Residential Drug Abuse
22   Program.
23           Upon release from imprisonment you shall be placed
24   on supervised release for a term of three years.
25           Within 72 hours of release from custody of the

PDF created with pdfFactory trial version www.pdffactory.com

```
 1    Bureau of Prisons, you shall report in person to the
 2    district to which you are released.
 3              No fine is imposed, based on my finding that the
 4    defendant is unable to pay a fine and is unlikely to become
 5    able to pay a fine.
 6              While on supervised release you shall comply with
 7    the following terms and conditions:
 8              You are not to commit another offense.
 9              You shall refrain from any unlawful use of a
10    controlled substance.
11              You shall submit to one drug test within 15 days of
12    release from imprisonment and at least two periodic drug
13    tests thereafter, not to exceed 50 tests per year, as
14    directed by the Probation Office.
15              You shall submit to the collection of a DNA sample
16    as directed by the Probation Office.
17              You shall comply with the standard conditions that
18    have been adopted by the Court of the United States
19    Sentencing Guidelines Section 5D1.1(c), which will be set
20    for in detail in the judgment.
21              You are prohibited from possessing a firearm,
22    destructive device or other dangerous weapon.
23              You are to participate in a program for substance
24    abuse counseling as directed by the United States Probation
25    Office, which might include testing, not to exit 50 drugs
```

```
 1    tests per year, to determine whether you have reverted to
 2    the use of alcohol or drugs.  You shall be required to
 3    contribute to the cost of services for such treatment based
 4    upon your ability to pay or the availability of third-party
 5    payment.
 6              It is further ordered that you shall pay to the
 7    United States a special assessment of $100, which shall be
 8    due immediately.
 9              Mr. Cannon, I wish to advise you that if you and
10    your counsel disagree with the sentence which I have
11    imposed, you have the right to appeal from that, and counsel
12    should take the steps to represent you in that situation.
13              I understand that you disagree with my taking into
14    consideration the fact that you were found with drugs and
15    that that was related to the offense in this case.
16              I wish you well and hope that you've learned to
17    stay out of trouble from now on.
18              You will receive credit for the time you've served
19    of approximately one year, and you will receive further
20    credit, if you behave as I assume you will, of 56 days per
21    year, which will mean a few months more, so that this
22    sentence effectively comes closer to five years than to 70
23    months.  I am glad to see your family is here.  I hope
24    they'll continue to keep in touch with you and support you,
25    and when you get back out that you can help them, too.
```

```
 1            Thank you, all.
 2            MR. MOORE:  Your Honor, my office asked me to
 3   convey to you its best wishes, because I understand this is
 4   your last criminal matter.
 5            THE COURT:  I'm sorry?
 6            MR. MOORE:  My office has requested me to
 7   convey it's best wishes to you.  It is my understanding that
 8   this is your last criminal matter that you will be presiding
 9   over, and I just wanted to congratulate your Honor.
10            THE COURT:  I certainly hope that it is.
11         Given my past, I understand why your office wishes
12   me best wishes not to have any further sentences.
13            (Laughter.)
14            MR. MOORE:  Thank you, your Honor.
15            THE CLERK:  All rise.
16            THE COURT:  Tell your boss I appreciate that.
17            THE CLERK:  Court is in recess.
18            (Proceedings adjourned.)
19
20
21
22
23
24
25
```

PDF created with pdfFactory trial version www.pdffactory.com

# **C E R T I F I C A T E**

     I, James P. Gibbons, Official Court Reporter for the United States District Court for the District of Massachusetts, do hereby certify that the foregoing pages are a true and accurate transcription of my shorthand notes taken in the aforementioned matter to the best of my skill and ability.

              JAMES P. GIBBONS, CSR, RPR, RMR
                Official Court Reporter
            1 Courthouse Way, Suite 7205
           Boston, Massachusetts 02210
                 (617) 428-0402

PDF created with pdfFactory trial version www.pdffactory.com